IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| VISTA-PRO AUTOMOTIVE, LLC | ) | |
| | ) | |
|   Debtor. | ) | |
| | ) | |
| VISTA-PRO AUTOMOTIVE, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:22-CV-00804 |
| | ) | Judge Richardson |
| CONEY ISLAND AUTO PARTS | ) | Magistrate Judge Holmes |
| UNLIMITED, INC. | ) | |
| | ) | |
|   Defendant. | ) | |

_____

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
Case No. 3:14-bk-09118, Adv. Proc. No. 3:15-ap-90079

_____

BRIEF OF THE APPELLEE, JEANNE ANN BURTON, TRUSTEE

_____

Phillip G. Young, Jr.
THOMPSON BURTON PLLC
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
Tel: 615-465-6000
phillip@thompsonburton.com

*Special Counsel for Appellee,
Jeanne Ann Burton, Trustee*

# I.     TABLE OF CONTENTS

Page

I.      Table of Contents……………………………………………………….. 1

II.     Table of Authorities……………………………………..……..3

III.    Statement of the Case……………………………..………………..5

IV.    Summary of Argument……………………..………………….…..9

V.     Argument…………..………………………………………….....11

    A.     THE BANKRUPTCY COURT CORRECTLY HELD THAT THERE IS A TIME LIMITAITON UNDER RULE 60 ….....11

        a.  APPLICABLE TO PERSONAL JURISDICTION…..........12

        b.  SEVEN YEARS IS NOT A REASONABLE TIME…......14

        c.  DEFENDANT'S CULPABLE CONDUCT …..................17

    B.     EVEN IF THE BANKRUPTCY COURT WERE INCORRECT, DEFENDANT CANNOT SHOW IMPROPER SERVICE OF PROCESS………………..…....…………………………......19

        a.  DEFENDANT BEARS THE BURDEN TO SHOW THAT IT WAS NOT PROPERLY SERVED……..…..……………….....19

        b.  DEFENDANT HAS NOT SHOWN IMPROPER SERVICE OF PROCESS……………….…………………………….21

        c.  THERE IS NO DUE PROCESS VIOLAITON BECAUSE DEFENDANT HAD ACTUAL NOTICE ………...…....22

VI.    Conclusion…………………………………………………….…........24

VII.   Certificate of Compliance with Fed. R. App. P. 32(a)(7)………......26

VIII.   Certificate of Service…………………………….…………....…..27

Case 3:22-cv-00804   Document 12   Filed 12/28/22   Page 3 of 28 PageID #: 618

## II.   TABLE OF AUTHORITIES

### Federal Cases

PAGE

*Antoine v. Atlas Turner, Inc.*
 66 F.3d 105, 109 (6th Cir.1995)……………………………...……....23

*Beebe v. United States*
 161 U.S. 104 (1896)…………………………….…………………………..13

*Benton v. Maryland*
 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969)………………13

*Blachy v. Butcher*
 29 Fed. Appx. 173 (6th Cir. 2005)………………………………….…15

*Criollo v. N.Y. Fine Interiors*
 U.S. Dist. LEXIS 64632 (S.D.N.Y. 2021)……………………….....20

*Days Inn Worldwide, Inc. v. Patel*
 445 F.3d 899 (6th Cir. 2006)…………...………….…….…….…..12

*Hagner v. United States*
 285 U.S. 427, 430 (1932)…………………………………………...20

*In re Computrex Int'l, Inc.*
 433 B.R. 197 (Bankr. S.D.N.Y. 2010)……………………….…....14, 15

*In re Dana Corp*
 2007 Bankr. LEXIS 1934 (Bankr. S.D.N.Y. 2007)……………….....20

*In re Freedom Commc'n Holdings*
 472 B.R. 257 (Bankr. D. Del. 2012)………………………….....…..20

*In re Manchester Ctr.*
 123 B.R. 378, 381 (Bankr. C.D. Cal. 1991)………………........22, 23

*In re Wilkinson*
 457 B.R. 530, 544 (Bankr. W.D. Tex. 2011)………………........…23

*In re William Cargile Contractor, Inc.*
209 B.R. 435 (B.A.P. 6th Cir. 1997)……………………………17, 18

*Manohar v. Massillon Community Hosp.*
208 F.3d 214 (6th Cir. 2000)……………………………….…15

*Mullane v. Central Hanover Bank & Trust Co.*
339 U.S. 306, 314 (1950)………………………………..……22

*Ohio Cas. Ins. Co. v. Pulliam*
182 F.3d 918 (6th Cir. 1999)……………….……………...…15

*Richard v. Allen*
78 F.3d 585 (6th Cir.1996)………………………..….……....15

*Rowe v. Pechiney World Trade Inc.* (*In re Computrex Intern., Inc.*)
433 B.R. 197 (Bankr. W.D. Ky 2010)………………...………….14

*Stewart v. Stocker*
1825 WL 1981 (Pa.1825)……………….………………………..13

*SunTrust Bank v. Braden* (*In re Braden*)
516 B.R. 672 (Bankr. S.D. Ga. 2014)…………………………..22, 23

*United States v. Dailide*
316 F.3d 611 (6th Cir. 2003)……………...……………........11, 15

*United States v. Leprich*
169 Fed. Appx. 926 (6th Cir. 2006………………………….…......15

*United Student Aid Funds, Inc. v. Espinosa*
559 U.S. 260, 271 (2010)………………………..….……....…22, 23

**Federal Rules**

PAGE

Fed. R. Civ. P. 60……………………………………………….*passim*

Fed. R. Bankr. P. 7004……….……...…………………………….*passim*

4

# III. STATEMENT OF THE CASE

This case has an extensive and complex posture, though the central matter before this Court is quite simple; that is, whether a party has an infinite amount of time to file a motion under Rule 60(b)(4) of the Federal Rules of Civil Procedure. The present action began when an involuntary bankruptcy petition was filed in the United States Bankruptcy Court for the Middle District of Tennessee (the "Bankruptcy Court") against Vista-Pro Automotive, LLC (the "Debtor") on November 17, 2014. Bankr. Doc. 1. On December 16, 2014, an Agreed Order of Relief was entered which converted this case to one under Chapter 11. Bankr. Doc. 29. The case was eventually converted to one under Chapter 7, and Jeanne Ann Burton was appointed as the Chapter 7 trustee (the "Trustee"). Bankr. Doc. 376.

Before the case was converted to Chapter 7, the Debtor instituted a number of adversary proceedings related to this case. One of those adversary proceedings was instituted against Coney Island Auto Parts Unlimited, Inc. (the "Defendant"), Case No. 3:15-ap-90070 (the "AP"). The Complaint filed against the Defendant on February 11, 2015 alleged that the Defendant owed the Debtor $48,696.21 in unpaid accounts receivable. AP Doc. 1.

The Complaint attached a printout of all outstanding accounts receivable owed by the Defendant to the Debtor and was served on the corporation itself (who was listed as the agent for service of process). AP Doc. 1. No timely response was

filed to the Complaint. So, on April 13, 2015, counsel for the Debtor submitted a Notice of Default, and the Clerk of the Court filed an Entry of Judgment against the Defendant. AP Doc. 12. That Motion for Default Judgment was served upon the Defendant and required a response by May 4, 2015. *Id.* No timely response was filed, and an Order Granting Motion for Default Judgment was entered on May 19, 2015. AP Doc. 17.

Upon the Trustee's appointment by the Bankruptcy Court, counsel for the Trustee began taking action to collect the default judgments, including the one against the Defendant. On April 20, 2016, the Trustee sent a demand letter to Daniel Beyda, CEO of the Defendant. The Defendant did not respond to the April 20, 2016 letter. Therefore, on May 16, 2016, the Trustee served Plaintiff's Post-Judgment Interrogatories and Requests for Production (the "Discovery") on Defendant to the attention of Mr. Beyda. Hearing Ex 1004.

Again, the Defendant failed to respond to the Discovery, either formally or informally. On June 28, 2016, the Trustee's counsel sent a letter to the Defendant (again to Mr. Beyda's attention) requesting responses to the Discovery by July 8, 2016 and informing it that, if responses were not received, the Trustee would be filing a motion to compel. Hearing Ex. 1005.

The June 28, 2016 letter, like the April 20, 2016 letter, clearly identified that the Trustee's counsel was writing regarding a "Judgment against Coney Island Auto

Parts Unlimited, Inc." and identified the court and case number of this action. *Id.* The Trustee received no response from that communication and the Defendant failed to respond to the Discovery.

On July 13, 2016, the Trustee filed and served on the Defendant the Plaintiff's Motion to Compel Discovery Responses (the "Motion to Compel"). AP Doc. 22. The Trustee served a copy of the Order Compelling on the Defendant, along with a cover letter explaining the import of the Order, by certified mail on August 19, 2016. Hearing Ex. 1006. The Defendant never complied with the Order Compelling, nor did it respond to the Trustee in any fashion.

After employing New York local counsel to assist in the collection of the default judgment, on September 14, 2020, the Trustee's New York counsel commenced a proceeding in the United States Bankruptcy Court for the Southern District of New York to collect the judgment in that district. Hearing Ex. 2008. Again, despite notice of the New York Bankruptcy Court matter, the Defendant did not appear. In fact, it was not until the Trustee, with the assistance of counsel, froze $97,392.42 of the Defendant's funds in a bank account maintained at Metropolitan Commercial Bank that the Defendant began responding to the Trustee's collection attempts.

The Defendant asked both the Bankruptcy Court and the District Court for the Southern District of New York to vacate the Tennessee Bankruptcy Court's default

7

judgment.  Both courts declined.  After having failed in its collateral attacks on the default judgment, the Defendant filed a motion to vacate the judgment in the Bankruptcy Court on July 8, 2022.  AP Doc. 46.  This was more than seven years after the judgment was entered and more than six years after Coney Island acknowledges that it was on notice of the judgment. The initial effort in New York to set aside the Tennessee judgment was not made until more than five years after Coney Island stipulates to notice of the judgment. In short, an absolute minimum of at least five years lapsed from Coney Island learning of the default judgment to when it took any steps in any court to vacate the default judgment.

On September 23, 2022, the Court entered an order denying the Defendant's motion to vacate on the grounds that its Rule 60 motion was untimely filed pursuant to well-established Sixth Circuit jurisprudence. AP Doc. 60.  Defendant now appeals the Court's decision denying the Motion to Vacate Default Judgment.

## IV. SUMMARY OF ARGUMENT

This appeal is without merit. First and conclusively, the Bankruptcy Court correctly held that Rule 60(b)(4) motions are subject to a reasonable time limitation. Sixth Circuit jurisprudence is clear and binding on this issue. Even if the Bankruptcy Court's finding was incorrect, the Defendant cannot show improper service of process. Finally, even if service were technically deficient, the Defendant has not been denied any due process of law because it had actual notice of the action yet chose to ignore it.

Defendant was properly served in 2015 with the complaint and summons. Moreover, Defendant concedes that it was on notice of this action no later than April 2016. Yet, Defendant waited seven (7) years to take action regarding this issue. Defendant does not provide any reason for this delay. Defendant has long missed the threshold to respond to this action within a reasonable amount of time under Rule 60.

Further, even if Defendant had brought this action within a reasonable time, Defendant presents no evidence to show it did not receive service. Defendant was properly served in accordance with Bankruptcy Rule 7004(b)(3), which allows a corporation to be served by mailing a copy of the summons and complaint to an officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process. The Defendant bears the burden to show they

were not properly served, and Defendant has not met that burden to show improper service of process.

Finally, even if service was technically deficient, Defendant has not been denied any due process of law. Defendant concedes that it was on notice of the action no later than April 2016, yet it relies exclusively on a technical service of process argument to excuse its seven (7) years of inaction.

# V.    ARGUMENT

## A.    THE BANKRUPTCY COURT CORRECTLY HELD THAT THERE IS A TIME LIMITATION UNDER RULE 60

The Bankruptcy Court correctly held that timeliness is a threshold matter even when potentially void judgments are at issue. Because Defendant did not move for relief within a reasonable time, its appeal must be denied. Defendant argues that service was defective; therefore, there is no personal jurisdiction, and the court does not have the power to adjudicate. However, Defendant's decision to wait seven (7) years after the entry of the judgment, after the statute of limitations had passed on this action, violates the reasonableness requirement of Rule 60(c).

"[O]n motion and *just* terms," a court may relieve a party from a final judgment, *inter alia* when "the judgment is void." Fed. R. Civ. P. 60(b)(b). Motions for relief must be made "within a reasonable time." Fed. R. Civ. P. 60(c)(1). Motions filed pursuant to Rule 60(b)(4) are not excepted from Rule 60(c)(1)'s time limitation. By its plain reading, section (c) applies to all Rule 60 motions. In the Sixth Circuit, motions under 60(b)(4) are only cognizable if brought within a reasonable time. *United States v. Dailide*, 316 F.3d 611, 617–18 (6th Cir. 2003). Contrary to Defendant's claims, courts in the Sixth Circuit retain discretion to deny motions to vacate final judgments based on lack of personal jurisdiction, when, as a threshold matter, a defendant fails to move within a reasonable time. Three Sixth Circuit cases highlight this rule's applicability to the case now before this Court.

a. Applicable to Personal Jurisdiction

Contrary to Defendant's argument to this Court, the Sixth Circuit has clearly applied Rule 60(c)(1)'s "reasonable time" limitation to cases in which a defendant claimed that the court lacked personal jurisdiction over it. In *Days Inn Worldwide, Inc. v. Patel*, 445 F.3d 899 (6th Cir. 2006), the Sixth Circuit Court of Appeals held that waiting over eleven months to file a Rule 60(b)(4) motion did not comply with Rule 60(c)'s reasonable time requirement. Days Inn brought an action for breach of contract, and while there was an issue serving Patel initially, counsel for Days Inn corrected it by mailing the complaint and summons to Patel's correct address two days prior to entry of the default judgment order. *Id*. at 902 A year after the district court entered a default judgment against Patel for $135,000, Patel moved for relief from the default judgment pursuant to F.R.C.P. 60(b)(4). Arguing that the judgment was void *ab initio*, Patel argued that it could not become valid through the passage of time and that the district court was obligated to vacate a void judgment. *Id*. The court determined that Patel waived his personal jurisdiction and due process objections to service by waiting almost a year before moving to vacate, in part because his counsel admitted that Patel knew of his right to respond to the complaint yet he failed to respond "within a reasonable time" as required by Rule 60(c). *Id*. at 906. The court noted that in a similar context, prior to the advent of Rule 60(b), the Supreme Court held that "undue laches is treated as a waiver of the right to object to

the judgment, and operates as an irrevocable renunciation of it." *Beebe v. United States*, 161 U.S. 104, 115 (1896). As correctly noted by the Bankruptcy Court, a failure to act timely to vacate a judgment for lack of personal jurisdiction may be considered a waiver of the right to do so. *Id.* Moreover, after the passage of reasonable time, a judgment-debtor's failure to press a due process objection to the judgment waives the objection. *Cf. Beebe,* 161 U.S. at 115, 16 S.Ct. 532 ("[I]t is the duty of the party seeking to take advantage of irregularities or defects of this character to move with proper diligence, at the earliest opportunity.") (quoting *Stewart v. Stocker,* 1825 WL 1981 (Pa.1825)), *quoted in Benton v. Maryland,* 395 U.S. 784, 797, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969); ("A judgment may, and should, be vacated on prompt application if it appears that there has not been substantial compliance with a ... court rule ....") (emphasis added).

In this case, the Defendant is similarly situated to Mr. Patel with regards to the timeliness of its motion to vacate this default judgment. Like Patel, the Defendant does not argue that they never actually received the relevant documents. In fact, Defendant stipulated that it received notice of the judgment at least by April 2016, when Defendant began receiving detailed correspondence from the Trustee's counsel referencing the default judgment. If there was ever flawed service or a lack of awareness of the proceedings, that was remedied after the Trustee served multiple documents to the attention of the defendant's CEO, similar to the corrected service

in Patel. However, Defendant inexplicably delayed another six years before taking action on this default judgment – considerably longer than the eleven months that the *Patel* court found unreasonable.

b.     Seven Years is Not a Reasonable Time

Not only does Sixth Circuit precedent require that motions to vacate default judgments be made within a reasonable time, but courts across the Sixth Circuit have consistently denied motions to vacate when faced with similarly egregious delays as the Defendant here presents. In *In re Computrex Int'l, Inc*., 433 B.R. 197 (Bankr. W.D. Ky. 2010), the court denied a motion to vacate a default judgment against a New York Corporation where the defendant contended that the court lacked personal jurisdiction due to defective service of process. In *Computrex*, the trustee filed an adversary proceeding to recover $77,715 in accounts receivable owing the debtor by Alcan, a New York Corporation. *Id*. at 199. The trustee served Alcan via mail at an address in the Netherlands, which Alcan had no connection to, and the mailing did not contain the "to the attention of an officer" language. *Id*. After no response, the court entered a default judgment against Alcan. *Id*. Five years after the entry of default judgment, Alcan moved under Rule 60(b)(4) to vacate the judgment based on improper service on similar grounds to those raised by the Defendant here. *Id*. at 199 - 200. Attached to the motion was a letter from trustee attempting to collect on the judgment dated four years after the default, which read in part: "Do not delay!

Contact me today to take advantage of this chance to resolve this matter quickly and amicably." *Id*. Trustee's counsel spoke with Alcan around the time of the letter, yet Alcan waited another twenty-two months to file the motion to vacate. *Id*.

The court denied Alcan's motion for two reasons. First, it noted that the Sixth Circuit has specifically held that 60(b)(4) motions are "only cognizable if brought within a reasonable time." *See e.g., United States v. Dailide*, 316 F.3d 611, 617 (6th Cir. 2003) (four years not a reasonable time); *Blachy v. Butcher*, 129 Fed. Appx. 173, 179 (6th Cir. 2005) (three years) *Ohio Cas. Ins. Co. v. Pulliam*,182 F.3d 918, 1999 WL 455336 (6th Cir. 1999) (more than three years); *Manohar v. Massillon Community Hosp*., 208 F.3d 214, 2000 WL 302776 (6th Cir. 2000) (almost five years); *United States v. Leprich*, 169 Fed. Appx. 926, 932 (6th Cir. 2006) (sixteen years); *Richard v. Allen*, 78 F.3d 585, 1996 WL 102419 (6th Cir.1996) (nearly four years). Second*,* the "bounds of reasonable time 'ordinarily depends on the facts of a given case including the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief.'" *Ohio Cas. Ins. Co. v. Pulliam*, 182 F.3d 918, 1999 WL 455336 (6th Cir.1999). Under this standard, Alcan's motion was untimely because (a) the motion was filed five years after entry of default judgment; (b) even if Alcan was unaware of the action in 2004, it became aware in February 2008 but waited until December 2009 to file the motion, more than 22 months later; (c) considering the length of time

directly attributed to Alcan's inaction, it would have been extremely difficult for the trustee to rebuild the case five years later and Alcan's inaction unnecessarily caused a substantial increase in legal expenses by the Trustee; (d) the equities did not favor Alcan, when it waited almost two years to vacate the default judgment, and could have avoided unnecessary legal maneuvering and expense had Alcan simply acted in a more prompt manner; and (e) Alcan provided no sufficient explanation for its delay in filing the motion to vacate.

Defendant's inaction over the last seven years certainly seems to be on all fours with *Computrex*. Like Alcan, the Defendant contends that the original service was defective. The Computrex trustee made efforts to collect on the default judgment; here, the Trustee has attempted to collect from the Defendant for over six (6) years. The Defendant ignored multiple demand letters, post-judgment discovery, motions to compel discovery, and an order compelling discovery responses; it only took action when the Trustee succeeded in freezing the Defendant's assets. Like Alcan, the Defendant gives no explanation for its six-year delay following notice of the default and pending discovery requests.

c.    Defendant's Culpable Conduct

Courts within the Sixth Circuit have also found that a defendant's conduct must be examined in the context of a Rule 60 motion. In *In re William Cargile Contractor, Inc*., 209 B.R. 435 (B.A.P. 6th Cir. 1997), the Sixth Circuit Bankruptcy Appellate Panel held that it was error for a bankruptcy court to vacate a default judgment after defendant's culpable conduct led to the default. In that case, the trustee filed a preference action against Western, and there were no issues with service. *Id*. at 437. After Western failed to respond, the Trustee secured a default judgment. *Id*. Seven months after default, the Trustee served Western with a demand for payment. Almost a year and a half after the initial service of the complaint and summons and eight and a half months after entry of judgment, Western then moved to vacate the judgment, arguing that it was not afforded due process because the trustee did not serve it with the motion for default judgment. *Id*.

Reviewing the case de novo, the BAP determined that Western was required to prove (1) that setting aside of the default judgment would not prejudice the plaintiff, (2) the presence of a meritorious defense, and (3) that no culpable conduct on the part of the defendant led to the default. Without addressing the other elements, the BAP found that the defendant failed to prove a lack of culpability on its behalf. *Id*. Western acknowledged it had received the summons and complaint and a demand for payment, yet waited a year and a half to do anything about it. *Id*. Notably, the

court said that Western's "flagrant disregard for the courts' rules undermined the Trustee's ability to efficiently administer the bankruptcy estate." 209 B.R. at 439. While, in this case, the Defendant asserts improper service of process, the *Cargile Contractor* case is nonetheless instructive. Like the defendant in that case, the Defendant has disregarded this Court's rules and orders (including an order compelling the Defendant to respond to post-judgment discovery) and undermined the Trustee's ability to efficiently administer the bankruptcy estate for over seven (7) years. The Defendant's conduct has caused the Trustee and her counsel to spend scores of unnecessary hours attempting to collect this judgment. Now, after years of trying to avoid collection, the Defendant has decided to challenge the validity of the judgment itself. While the Bankruptcy Court did not reach this issue, instead noting that Defendant's motion was unreasonably delayed, this "flagrant disregard" for this Court's authority should not be tolerated.

Defendant has taken the position that timing is irrelevant, and there is no amount of time that could lapse that would make a motion to vacate judgment untimely. However, the Sixth Circuit has consistently held that 60(b)(4) motions are subject to a reasonable time limitation. Indeed, a plain reading of Rule 60(c)(1) makes obvious that its time limitations apply to Rule 60(b)(4) motions to vacate a void judgment. The Bankruptcy Court correctly applied Sixth Circuit precedent and for this reason alone, the Court should affirm the Bankruptcy Court's decision.

## B. EVEN IF THE BANKRUPTCY COURT WERE INCORERCT, DEFENDANT CANNOT SHOW IMPROPER SERVICE OF PROCESS

### a. Defendant Bears the Burden to Show That It Was Not Properly Served

This Court need look no further than the Defendant's unreasonable delay in filing its Rule 60 motion to rule on this appeal. However, even if the Rule 60 motion had been timely filed, the Trustee would nonetheless prevail. To succeed on its Rule 60 motion, the Defendant bears the burden of proving that it had no knowledge of the Complaint or the Default Judgment and/or ineffective service of the same. It has not carried that burden. It is clear from the docket that the Complaint, Summons, Motion for Default Judgment, and Default Judgment Order were all served upon the Defendant as follows: "Coney Island Auto Parts Unltd. Inc.; 2317 McDonald Ave.; Brooklyn, NY 11223". Indeed, the Defendant does not dispute that the Debtor's counsel in fact mailed these documents to that address – nor does the Defendant dispute that it actually received these documents at that address. Certainly, the Defendant does not and cannot dispute that it did not have actual knowledge of the Default Judgment Order by 2016 at the latest, when the Trustee's counsel sent multiple notices to the attention of the Debtor's CEO at its principal place of business. Moreover, counsel for Defendant stipulated at the hearing before the Bankruptcy Court that Defendant was "on notice" of the default judgment no later than April of 2016.

When service of process is mailed, "[c]ourts uniformly presume that an addressee receives a properly mailed item when the sender presents proof that it properly addressed, stamped and deposited the item in the mail." *In re Dana Corp.*, 2007 Bankr. LEXIS 1934 at *12 (Bankr. S.D.N.Y. 2007) (noting that the presumption is very strong and finding a failure to overcome the presumption of receipt); see *also Hagner v. United States*, 285 U.S. 427, 430 (1932) ("[T]he rule is well settled that proof that a letter properly directed was placed in a post office creates a presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed."); *In re Freedom Commc'n Holdings*, 472 B.R. 257, 262 (Bankr. D. Del. 2012) (noting that "mailing a notice to a party's last-known address is reasonably calculated to provide actual notice").

"The technical requirements of Rule 4 [1] notwithstanding, courts have recognized that the fundamental purpose of service is to give defendants notice of claims against them." *Criollo v. N.Y. Fine Interiors*, 2021 U.S. Dist. LEXIS 64632 (S.D.N.Y. 2021). "Courts will deem valid service outside of the bounds of Rule 4 where a defendant has 'actual notice' of the documents mailed." *Id*. at *17.

Having established that these documents were all mailed to the corporation (who itself was listed as the agent for service of process), the burden now rests with the Defendant to prove that it was not properly served. It presents no proof that the

---

[1] F.R.C.P. Rule 4 is the corollary to Bankruptcy Rule 7004.

Complaint, Summons, Motion for Default Judgment, and Default Judgment Order were not actually received by the Defendant. The Defendant has offered no proof to this point and, therefore, has not carried the burden of proof necessary to succeed on its appeal.

b. Defendant Has Not Shown Improper Service of Process

In fact, Defendant was properly served with the Complaint, Summons, Motion for Default Judgment, and Order of Default Judgment. The Debtor's counsel served all initial pleadings in this matter on the Defendant at the same service address: Coney Island Auto Parts Unltd. Inc.; 2317 McDonald Ave.; Brooklyn, NY 11223. While ordinarily that service might be deficient without directing the mailing to a particular individual's attention, in this case it is not because the Defendant listed the corporation itself as the agent for service of process. Bankruptcy Rule 7004(b)(3) authorizes a plaintiff to serve a complaint and subpoena by first class mail, "[u]pon a domestic or foreign corporation . . . by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process. . . ." As demonstrated by the New York Secretary of State records, introduced as an exhibit at the Bankruptcy Court hearing, the Defendant designated "The Corporation" at "2317 McDonald Ave, Brooklyn, NY, United States, 11223" as the appropriate "Service of Process Name and Address". As also demonstrated by the New York

Secretary of State records, the Defendant listed no other registered agent name or address. Therefore, service upon "Coney Island Auto Parts Unltd. Inc." at "2317 McDonald Ave.; Brooklyn, NY 11223" constitutes valid service of process upon "any other agent authorized by appointment or by law to receive service of process." The Defendant designated itself as the agent for service of process in New York. Therefore, service of process upon the Defendant was appropriate and is not the basis for setting aside the Default Judgment some seven (7) years later.

   c. There is no due process violation because Defendant had actual notice

  "Civil Rule 60(b)(4) provides relief from void judgments. Fed. R. Civ. Pro. 60(b)(4). It requires courts to set aside as void, without any discretion, an order issued in a manner inconsistent with the due process clause of the Fifth Amendment." *SunTrust Bank v. Braden* (*In re Braden*), 516 B.R. 672, 678 (Bankr. S.D. Ga. 2014) (citing *In re Manchester Ctr.*, 123 B.R. 378, 381 (Bankr. C.D. Cal. 1991)). "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010) (citations omitted). "Due process requires notice 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* at 272 (quoting *Mullane v. Central Hanover Bank &*

*Trust Co.*, 339 U.S. 306, 314 (1950)) (other citations omitted). Where a party has actual notice of the proceeding, any due process concerns are satisfied. *Espinosa*, 559 U.S. at 272; see also *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 109 (6th Cir. 1995) ("Whether or not the judgments here were voidable because Atlas was not served turns on whether Atlas had actual notice of them.").

Defendants have no constitutional rights to service of process as prescribed by Bankruptcy Rule 7004. *Braden*, 516 B.R. at 679. "Therefore, a movant must both identify a technical inadequacy in the notice provided and establish the denial of a right to due process in order to prove a judgment is void." *Id* (citing *In re Manchester Ctr.*, 123 B.R. at 381)). "A party afforded actual notice consistent with constitutional standards cannot claim a violation of its constitutional due process rights simply because the technical requirements for service of process were not met." *Id* (citing *In re Wilkinson*, 457 B.R. 530, 544 (Bankr. W.D. Tex. 2011)).

In this case, Defendant has not denied that it had actual knowledge of this matter; rather, it relies exclusively on a technical service of process argument to excuse its seven (7) years of inaction. Courts throughout the nation, including the highest court in this nation, have made clear that a technical deficiency of service of process pursuant to Bankruptcy Rule 7004 is not enough to qualify as a due process violation. Since the Defendant relies exclusively on such a technicality, Rule 60(b)(4) does not excuse its failure to timely act.

# VI.  CONCLUSION

This appeal has no merit procedurally or substantively. The Bankruptcy Court correctly found that Defendant has long missed the threshold to respond to this action within a reasonable amount of time under Rule 60. The Sixth Circuit has made clear that motions brought under Rule 60(b)(4) must be presented within a reasonable time.  Seven years of inaction by the Defendant is not reasonable.  Even if Defendant had brought this action within a reasonable time, Defendant presented no evidence to show it did not receive service. Further, Defendant has not been denied any due process of law because it received actual notice of the action. Based on all the foregoing, this appeal should be dismissed and the Bankruptcy Court's Order Denying Motion to Vacate Default Judgment should be affirmed.

Respectfully submitted,

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr. (21087)
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
Tel:   615.465.6000
phillip@thompsonburton.com

*Special Counsel for Appellee,*
*Jeanne Ann Burton, Trustee*

## VII. CERTIFICATE OF COMPLAINCE WITH FED. R. APP. P. 32(a)(7)

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 5362 words.

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word for Mac 2011 in 14-point Times New Roman Font.

## VIII.  CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically on this 28th day of December, 2022. Notice of this filing will be sent by operation of the Court's electronic filing system and by U.S. Mail, first-class, postage prepaid, to all parties listed below. Parties may access this filing through the Court's electronic filing systems.

Henry E. ("Ned") Hildebrand, IV
Dunham Hildebrand, PLLC
2416 21st Avenue South, Suite 303
Nashville, TN 37212

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.