# CASE NO. 3:22-CV-00804

## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

## IN RE: VISTA-PRO AUTOMOTIVE, LLC

*Debtor;*

## VISTA-PRO AUTOMOTIVE, LLC

*Plaintiff/Appellee*

**v.**

## CONEY ISLAND AUTO PARTS UNLIMITED, INC.

*Defendant/Appellant*

Appeal from the United States Bankruptcy Court for the Middle District of
Tennessee, Case No. 3:14-bk-09118, Adv. Proc. No. 3:15-ap-90079

## REPLY BRIEF OF APPELLANT CONEY ISLAND
## AUTO PARTS UNLIMITED, INC.

HENRY E. ("NED") HILDEBRAND, IV, #32168
DUNHAM HILDEBRAND, PLLC
2416 21ST AVENUE SOUTH, SUITE 303
Nashville, TN 37212
615.933.5851
ned@dhnashville.com

# TABLE OF CONTENTS

TABLE OF CONTENTS .................................................................. ii

TABLE OF AUTHORITIES ............................................................ iii

REPLY IN SUPPORT OF PRINCIPAL BRIEF ................................... 1

ARGUMENT ............................................................................... 1

   I.   The Sixth Circuit Has Never Applied Rule 60(c)(1) to Motions Seeking Vacatur Based on Lack of Personal Jurisdiction ................................. 1

   II.   Coney Island Was Not Properly Served with Process, and Notice of Suit Does Not Take the Place of Valid Service .................................... 5

      A.   Service Was Improper Pursuant to Bankruptcy Rule 7004(b)(3) ...... 5

      B.   Neither Mailing nor Actual Notice is a Valid Substitute for Compliance with the Service of Process Rules ................................. 9

      C.   Actual Notice is Not a Substitute for Due Process ........................ 11

CONCLUSION ............................................................................ 15

CERTIFICATE OF COMPLIANCE WITH FED. R. BANKR. P. 8015(h) .... 16

CERTIFICATE OF SERVICE .......................................................... 17

# TABLE OF AUTHORITIES

## Cases

*Antoine v. Atlas Turner, Inc.,*
   66 F.3d 105, 108 (6th Cir. 1995)..............................................................11, 14

*Beebe v. United States,*
   161 U.S. 104 (1896),....................................................................................2

*Beneficial Cal., Inc. v. Villar (In re Villar),*
   317 B.R. 88, 93 (Bankr. 9th Cir. 2004)......................................................6, 9

*Blachy v. Butcher,*
   129 Fed. Appx. 173 (6th Cir. 2005)..............................................................3

*Burda Media, Inc. v. Blumenberg,*
   2004 WL 1110419, 2004 U.S. Dist. LEXIS 8804 (S.D.N.Y. May 18, 2004)
   .................................................................................................................10, 11

*Criollo v. N.Y. Fine Interiors,*
   2021 U.S. Dist. LEXIS 64632 (S.D.N.Y. Mar. 3, 2021) .........................10, 11

*Cunningham v. Enagic USA, Inc.,*
   2019 U.S. Dist. LEXIS 34013, at *9 (M.D. Tenn. Feb. 15, 2019) .................5

*Days Inn Worldwide, Inc. v. Patel,*
   445 F.3d 899 (6th Cir. 2006). .......................................................................1

*Foster v. C4B, LLC (In re Shoot the Moon, LLC),*
   2019 WL 5866147, 2019 Bankr. LEXIS 3502, (Bankr. D. Mont. Nov. 8,
   2019) .............................................................................................................9

*Friedman v. Estate of Presser,*
   929 F.2d 1151, 1156 (6th Cir. 1991)..............................................................7

*Hibbs v. Winn,*
   542 U.S. 88, 101 (2004) .................................................................................8

Case 3:22-cv-00804   Document 13   Filed 01/12/23   Page 3 of 22 PageID #: 665

*In re Main St. Tours, Inc.,*
  2021 Bankr. LEXIS 1581, (Bankr. N.D. Ohio June 3, 2021) ........................ 8

*Langeland v. Tru Die Cast Corp. (In re PT Liquidation Corp.),*
  580 B.R. 488, 489 (Bankr. W.D. Mich. 2018) ............................................. 12

*LSJ Inv. Co. v. O.L.D., Inc.,*
  167 F.3d 320, 322 (6th Cir. 1999) ................................................................ 11

*Manohar v. Massillon Community Hosp.,*
  2000 WL 302776 (6th Cir. Mar. 17, 2000) .................................................... 4

*Murphy Bros. v. Michetti Pipe Stringing,*
  526 U.S. 344, 350 (1999) ............................................................................. 12

*Nat'l Dev. Co. v. Triad Holding Corp.,*
  930 F.2d 253, 256 (2d Cir. 1991) ................................................................. 11

*Ohio Cas. Ins. Co. v. Pulliam,*
  1999 WL 455336 (6th Cir. June 23, 1999) ..................................................... 4

*Perfect Score Co. v. Miller,*
  2011 WL 4540742, 2011 U.S. Dist. LEXIS 111878, (N.D. Ohio Sept. 29,
  2011) ........................................................................................................... 14

*Reaves v. Am.'s Serv. Co. (In re Reaves),*
  396 B.R. 708, 716 (Bankr. W.D. Tenn. 2008) ............................................ 6, 7

*Richard v. Allen,*
  1996 WL 102419 (6th Cir. Mar. 7, 1996) ...................................................... 4

*Rowe v. Pechiney World Trade Inc. (In re Computrex Int'l, Inc.),*
  433 B.R. 197 (Bankr. W.D. Ky. 2010 ............................................................. 3

*Savage & Assocs., P.C. v. 1201 Owner Corp. (In re Teligent, Inc.),*
  485 B.R. 62, 68 (Bankr. S.D.N.Y. 2013) ................................................. 6, 7, 9

*Slutsky v. Am. Express Travel Related Servs. Co. (In re William Cargile Contr.),*
  209 B.R. 435 (6th Cir. B.A.P. 1997) .............................................................. 4

iv

*SunTrust Bank v. Braden (In re Braden),*
    516 B.R. 672 (Bankr. S.D. Ga. 2014) ............................................................ 14

*United States v. Dailide,*
    316 F.3d 611 (6th Cir. 2003) ........................................................................ 3

*United States v. Leprich,*
    169 Fed. Appx. 926, 932 (6th Cir. 2006) ...................................................... 4

*United Student Aid Funds, Inc. v. Espinosa,*
    559 U.S. 260, 271 (2010) .................................................................. 12, 13, 14

*Yates v. United States,*
    574 U. S. 528, 543 (2015) ............................................................................ 8

*York v. Bank of Am., N.A. (In re York),*
    291 B.R. 806, 810-11 (Bankr. E.D. Tenn. 2003) .......................................... 6

**Statutes**

N.Y. Bus. Corp. Law § 304(a) ................................................................................ 8
N.Y. Bus. Corp. Law § 306(b) ................................................................................ 8

**Rules**

Fed. R. Civ. P. 60 .................................................................................................. 5
Fed. R. Civ. P. 60(b)(4) ........................................................................ 3, 5, 11, 13
Fed. R. Civ. P. 60(c)(1) .......................................................................................... 1
Fed. R. Bankr. P. 7004(b)(3) ................................................................ 5, 6, 7, 8, 9, 10
Fed. R. Bankr. P. 7004(b)(7) .................................................................................. 9
Fed. R. Bankr. P. 8014(c) ...................................................................................... 1

## REPLY IN SUPPORT OF PRINCIPAL BRIEF

Pursuant to Federal Rule of Bankruptcy Procedure 8014(c), Coney Island[1] respectfully submits this reply (the "**Reply**") in support of its principal Appellant Brief and to address arguments made in the Appellee Brief, filed by Jeanne Ann Burton, Trustee for the bankruptcy estate of Vista-Pro.

## ARGUMENT

## I.    The Sixth Circuit Has Never Applied Rule 60(c)(1) to Motions Seeking Vacatur Based on Lack of Personal Jurisdiction

Vista-Pro begins its argument by asserting that the Sixth Circuit, unlike all other Circuit Courts of Appeals, applies the "reasonable time" limitation of Rule 60(c)(1) to applications to vacate default judgment based on lack of personal jurisdiction.  In support, Vista-Pro relies primarily on *Days Inn Worldwide, Inc. v. Patel*, 445 F.3d 899 (6th Cir. 2006).  Vista-Pro misconstrues the decision.  *Patel* involved a curious fact pattern where the plaintiff mistakenly served defendant at an incorrect address; defendant obviously did not receive service; plaintiff moved for judgment by default and the court scheduled a hearing; the plaintiff then properly served defendant at the correct address with both the motion and the summons and complaint; defendant did not appear at the default judgment hearing; the court entered the default judgment; and the plaintiff then waited eleven months to move

---

[1] Capitalized terms have the same meaning as in Coney Island's opening papers.

to vacate the judgment, arguing that it was void. *Id.* at 902-03. On those peculiar facts, the Sixth Circuit found that the district court obtained personal jurisdiction over the defendant by way of the second mailing, and agreed that, jurisdiction having been acquired, defendant waited too long to move to vacate the judgment. *Id.* at 905-06. The difference between *Patel* and this case is palpable. In the former, as his counsel conceded, the court *had* jurisdiction over the defendant by way of the second round of service. *Id.* at 904-05. By contrast, the Bankruptcy Court never acquired jurisdiction over Coney Island because it was never properly served. Likewise, Vista-Pro's suggestion that post-judgment discovery requests substitute for valid service is incorrect. In *Patel* plaintiff's counsel validly served the defendant via the subsequent mailing. *Id.* at 905 ("[B]y virtue of the second service, which counsel for appellant admitted was valid at oral argument . . . ."). Nothing there stands for the proposition that an invalid service can be cured by sending a mere letter.

Likewise, Vista-Pro's citation to a 19th Century Supreme Court case, *Beebe v. United States*, 161 U.S. 104 (1896), is inappropriate because the issue there was whether premature execution of a lien results in a nullity. *Id.* at 113-15. Personal jurisdiction was not an issue. The focus of this appeal, however, is whether a judgment obtained in the absence of personal jurisdiction may be vacated at any time. Thus, *Beebe* is factually and legally distinguishable.

Vista-Pro further argues that seven years is too long a time to move to vacate a default judgment. Indeed, that is the essence of this appeal – whether an application to vacate a judgment obtained without personal jurisdiction has a time limitation or, as Coney Island contends and as every Court of Appeals other than the Sixth Circuit has expressly held, a judgment that is void remains void regardless of the passage of time. The Sixth Circuit cases Vista-Pro cites purportedly prescribing a time limitation do no such thing. Vista-Pro cites to *Rowe v. Pechiney World Trade Inc. (In re Computrex Int'l, Inc.)*, 433 B.R. 197 (Bankr. W.D. Ky. 2010), which held that Rule 60(b)(4) motions are governed by a timeliness standard even if the court never acquired personal jurisdiction over the defendant. With all due respect to that court, its holding was in error. That court acknowledged that it is the rule in the "Second, Third, Fifth, Seventh, and Eleventh Circuit[s]" that there is no time limitation for Rule 60(b)(4) motions where the court had no jurisdiction, but held that "the law in the Sixth Circuit is different." *Id.* at 201. In support, it cited to *Patel*, in which, as discussed above, the court did have jurisdiction over the defendant. It also cited *United States v. Dailide*, 316 F.3d 611 (6th Cir. 2003), which, as described in Coney Island's opening brief, held that a party clearly subject to the court's *personal* jurisdiction may not collaterally attack the court's *subject matter* jurisdiction years after entry of judgment in an action it fully litigated on the merits. *Id.* at 617-18. Coney Island, by contrast, was never subject to the Bankruptcy

Court's jurisdiction, did not participate in the litigation, and is not making a collateral attack. *See also Blachy v. Butcher*, 129 Fed. Appx. 173 (6th Cir. 2005) (dealing with subject matter jurisdiction); *Ohio Cas. Ins. Co. v. Pulliam*, 1999 WL 455336 (6th Cir. June 23, 1999) (motion to vacate jury verdict); *Manohar v. Massillon Community Hosp.*, 2000 WL 302776 (6th Cir. Mar. 17, 2000) (motion to vacate stipulated dismissal); *United States v. Leprich*, 169 Fed. Appx. 926, 932 (6th Cir. 2006) (motion to vacate summary judgment order); *Richard v. Allen*, 1996 WL 102419 (6th Cir. Mar. 7, 1996) (plaintiff's motion to vacate judgment of dismissal).

Lastly, Vista-Pro cites *Slutsky v. Am. Express Travel Related Servs. Co. (In re William Cargile Contr.)*, 209 B.R. 435 (6th Cir. B.A.P. 1997). But in that case there was "no dispute that the Trustee properly served Western with the summons and complaint[.]" *Id.* at 437. Instead, the issue on appeal was the bankruptcy court's ruling "that Western was not afforded adequate due process when the Trustee failed to serve the motion for default judgment on Western." *Id.* The court found that Western waited too long to move to vacate the default judgment because although it was validly served and had notice of the judgment it waited nearly 18 months before appearing in the action and moving to vacate the judgment. *Id.* at 438-39.

In sum, Vista-Pro cannot point to a single case from the Sixth Circuit holding that there is a time limitation for motions to vacate default judgments based on lack of personal jurisdiction. Moreover, Vista-Pro has not attempted to distinguish or

4

otherwise explain the cases Coney Island cited from every other Circuit indicating there is no such time limitation.

## II. Coney Island Was Not Properly Served with Process, and Notice of Suit Does Not Take the Place of Valid Service

Vista-Pro argues in the alternative that even if the Rule 60 motion were timely, the Bankruptcy Court could have denied the motion to vacate because service of process was valid. Vista-Pro is incorrect.

As an initial matter, Vista-Pro is incorrect that the burden of showing the invalidity of service rests with Coney Island. It cites case law from around the country that a party with actual knowledge of the litigation bears the burden pursuant to Rule 60(b)(4). But that is not the uniform rule, and just as many circuits do not follow it. *See Cunningham v. Enagic USA, Inc.*, 2019 U.S. Dist. LEXIS 34013, at *9 (M.D. Tenn. Feb. 15, 2019) ("Some courts have found that this presumption [of plaintiff always needing to show the existence of jurisdiction] remains and that the burden stays with the plaintiff no matter the stage at which service is challenged."). The Sixth Circuit has never directly addressed this particular issue. *Id.* at *10.

### A. Service Was Improper Pursuant to Bankruptcy Rule 7004(b)(3)

But even if the burden does rest with Coney Island, service was not proper. Bankruptcy Rule 7004(b)(3) states that service upon a corporation may be accomplished via first class mail "by mailing a copy of the summons and complaint *to the attention of an officer, a managing or general agent . . . .*" (emphasis added).

Bankruptcy courts generally, including those in Tennessee, have interpreted this provision strictly, requiring mailing to be to a specific person, not just the corporation. *See Reaves v. Am.'s Serv. Co. (In re Reaves)*, 396 B.R. 708, 716 (Bankr. W.D. Tenn. 2008) ("Courts have found that when a pleading was not addressed to an officer by either name or title it is insufficient service under Rule 7004(b)(3)."); *York v. Bank of Am., N.A. (In re York)*, 291 B.R. 806, 810-11 (Bankr. E.D. Tenn. 2003) ("The problem [of whether service requires an individual's name or merely a title] is not relevant to this proceeding because the original summons was not addressed to an officer by either name or title.  As a result, it was not proper service under Rule 7004(b)(3).").  Courts around the nation have agreed.  *See Savage & Assocs., P.C. v. 1201 Owner Corp. (In re Teligent, Inc.)*, 485 B.R. 62, 68 (Bankr. S.D.N.Y. 2013) ("[S]ervice not directed to the attention of anybody in particular is not sufficient" (alteration in original and citation omitted)); *Beneficial Cal., Inc. v. Villar (In re Villar)*, 317 B.R. 88, 93 (Bankr. 9th Cir. 2004) ("[N]ationwide service of process by first class mail is a rare privilege which should not be abused . . . thus, the service has to be made to a specifically named officer.  Accordingly, service on corporation was insufficient under the plain words of Rule 7004(b)(3) when it failed to specify a person or even an office.").

Here, Vista-Pro concedes that service of the Summons and Complaint was made via first class mail to "Coney Island Auto Parts Unltd., Inc.," and not to any

specific named person, or title of officer or agent. Accordingly, Vista-Pro's service by way of Rule 7004(b)(3) was improper and the Bankruptcy Court lacked *in personam* jurisdiction over Coney Island. *See Savage*, 485 B.R. at 69-70 ("Savage's failure was not a mere technical violation of a Bankruptcy Rule; the method of notice deprived 1737 Corp. of due process of law. . . . Accordingly, the Court never acquired personal jurisdiction over 1737 Corp., the Judgment is void, and it is vacated."); *Reaves*, 396 B.R. at 716 ("The debtor also failed to address the pleadings to an officer or agent and instead merely addressed the pleadings to 'American Servicing Company.' This too is insufficient. . . . As a result, the Court finds that it had no personal jurisdiction over ASC at the time the judgment of contempt was rendered. That judgment is hereby declared void."); *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) ("In short, the requirement of proper service of process is not some mindless technicality.").

Vista-Pro impliedly acknowledges this point, conceding that "[w]hile ordinarily that service might be deficient without directing the mailing to a particular individual's attention, in this case it is not because the Defendant listed the corporation itself as the agent for service of process." [Docket No. 12, p. 21]. This is a misconstruction of Bankruptcy Rule 7004(b)(3) and the relevant New York statute. First, the Rule plainly differentiates between the corporation and the agent. It states that service upon a corporation may be mailed to an officer or to various

types of "agents" of the corporation, i.e., third parties who act on behalf of the corporation. The Rule does not envision that the corporation will be its own agent because then the requirement of mailing process to an agent would be superfluous. *In re Main St. Tours, Inc.*, 2021 Bankr. LEXIS 1581, at *11 (Bankr. N.D. Ohio June 3, 2021) (citing *Hibbs v. Winn*, 542 U.S. 88, 101 (2004)) ("[C]ourts should construe statutes and rules such that they are not rendered superfluous or meaningless."); *Yates v. United States*, 574 U. S. 528, 543 (2015) ("The canon against surplusage is strongest when an interpretation would render superfluous another part of the same statutory scheme") (internal quotation marks and brackets omitted).

Further, the purpose of inserting the corporate address into the Department of State's records is to permit the Secretary of State to serve process, not for private service of process via mail. New York is somewhat unique in that it permits any domestic or registered foreign corporation to be served with any process whatsoever by way of the Secretary of State. *See* N.Y. Bus. Corp. Law § 304(a). Further, such service is valid and complete when the papers are delivered to the Department of State. *Id.* § 306(b). Upon delivery of the papers, the Secretary of State mails them via "certified mail, return receipt requested, to such corporation, at the post office address, on file in the department of state, specified for the purpose." *Id.* Thus, Vista-Pro incorrectly asserts that mailing to the address on file was valid service upon an "agent" as envisioned by Rule 7004(b)(3). Rather, that is simply the address

to which the Secretary of State would mail papers pursuant to the Business Corporation Law.  Had Vista-Pro followed that procedure, service would have been effective pursuant to Rules 7004(b)(3) and/or (b)(7).  But it did not, and therefore service was not proper.

## B.    Neither Mailing nor Actual Notice is a Valid Substitute for Compliance with the Service of Process Rules

As a second alternative, Vista-Pro incorrectly contends that the presumption of receipt of a properly addressed piece of mail equates to actual notice of the litigation, especially in the case of a corporate entity.  It cites no case for that proposition, and case law around the nation is directly to the contrary.  *See Foster v. C4B, LLC (In re Shoot the Moon, LLC)*, 2019 WL 5866147, 2019 Bankr. LEXIS 3502, at *4 (Bankr. D. Mont. Nov. 8, 2019) ("While the complaint and summons were mailed to the correct address (though identifying the wrong entity), such mailing does not equate to adequate service or require an inference of actual knowledge or notice."); *Savage & Assocs., P.C. v. 1201 Owner Corp. (In re Teligent, Inc.)*, 485 B.R. 62, 69 (Bankr. S.D.N.Y. 2013) ("Mailing process to a corporation's post office box without directing it to the attention of the proper agent does not satisfy Rule 7004(b)(3) . . .  and does not give rise to a presumption that the appropriate person within the organization received actual knowledge of the suit."); *Beneficial Cal., Inc. v. Villar (In re Villar)*, 317 B.R. 88, 94-95 (9th Cir. B.A.P. 2004) ("A presumption that the mail was received by Beneficial does not include the

presumption that the motion was received by an officer or authorized agent."). Indeed, if Vista-Pro were correct that mere mailing to a corporation provides it with actual knowledge, Rule 7004(b)(3)'s requirement of mailing to an authorized agent would be superfluous.

Notwithstanding, Vista-Pro attempts to capitalize on the dubious proposition that mailing a letter to a corporation is tantamount to actual notice of litigation, and it then suggests that actual notice of litigation is a sufficient alternative to valid service of process. The only case it cites for that assertion is *Criollo v. N.Y. Fine Interiors*, 2021 U.S. Dist. LEXIS 64632 (S.D.N.Y. Mar. 3, 2021), which held that "courts will deem valid efforts to serve outside the bounds of Rule 4 where a defendant has 'actual notice' of the documents mailed." *Id.* at *17. This decision is questionable for two reasons. First, that court decided service was proper by way of personal delivery of process and service upon the New York Secretary of State. *Id.* at *24-25. Thus, the holding about "actual notice" being a substitute for valid service was *obiter dictum* at best because the service there was not via mail and the defendants were properly served. *Id.* Second, regarding partial compliance with rules of service, the *Criollo* court cited only *Burda Media, Inc. v. Blumenberg*, 2004 WL 1110419, 2004 U.S. Dist. LEXIS 8804 (S.D.N.Y. May 18, 2004), which is readily distinguishable from *Criollo* itself and this action. In *Burda*, the issue was whether the plaintiff effectuated valid service pursuant to the Hague Convention

when French police officers serving the documents did not fill out one part of a document describing the service. *Id.* at *17. In that circumstance, the court held that there was no doubt that the proper defendant received service, and the only error lay in a ministerial act that did not impact the service that was by then already completed. *Id.* at *18. Thus, *Criollo* and *Burda* would only apply to this appeal if the defect in question were to be something along the lines of a scrivener's error in an affidavit of service that was otherwise valid. But that is not the case. The defect here was in the service itself, not some post-hoc ministerial act.

The Sixth Circuit has repeatedly held that "it will not allow actual knowledge of a lawsuit to substitute for proper service[.]" *LSJ Inv. Co. v. O.L.D., Inc.*, 167 F.3d 320, 322 (6th Cir. 1999); *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995) ("if the underlying judgment is void, it is a per se abuse of discretion for a district court to deny a movant's motion to vacate the judgment under Rule 60(b)(4)"); *see also Nat'l Dev. Co. v. Triad Holding Corp.*, 930 F.2d 253, 256 (2d Cir. 1991) ("We reject the notion that 'actual notice' suffices to cure a void service[.]"). Vista-Pro cannot overcome these holdings.

### C. Actual Notice is Not a Substitute for Due Process

Vista-Pro argues that even if it did not comply with service of process rules, Coney Island was not denied due process because it had actual notice of the adversary proceeding. But the cases it cites for that contention do not support it.

The Supreme Court has held, going back decades, that "one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 350 (1999). "Unless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351; *Langeland v. Tru Die Cast Corp. (In re PT Liquidation Corp.)*, 580 B.R. 488, 489 (Bankr. W.D. Mich. 2018) ("In general, to ensure that it has personal jurisdiction over defaulting defendants, and to protect its judgments against collateral attack with the attendant and avoidable expense, the court scrupulously reviews proofs of service, as it did in this case. Every plaintiff's attorney should do the same, carefully supervising the jurisdictionally significant act of serving the summons and complaint – the singular event that formally subjects a person to the court's authority."). Vista-Pro's attempts to show contrariwise are based on a misreading of the case law.

Vista-Pro cites *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010), and claims that it stands for the proposition that "[w]here a party has actual notice of the proceeding, any due process concerns are satisfied." [Docket No. 12, p. 23]. Not even remotely so. At issue in *Espinosa* was whether discharge of student loan debt obtained without proper service upon the creditor was valid. *Id.* at 263.

Once the debtor filed the plan, the bankruptcy court mailed a copy to the creditor, which, in response, filed a notice of claim, but "did not object to the plan's proposed discharge of Espinosa's student loan interest without a determination of undue hardship, nor did it object to Espinosa's failure to initiate an adversary proceeding to determine the dischargeability of that debt." *Id.* at 265. The court confirmed the plan without an adversary proceeding or a finding of undue hardship, and the creditor received notice but again failed to object. *Id.* Years later, the creditor moved to vacate the judgment pursuant to Rule 60(b)(4). The Supreme Court granted *certiorari* because of a split in the courts of appeals on the issue of whether discharge of student loan debt in the absence of an adversary proceeding is a jurisdictional defect. *Id.* at 268. The Court found that it is not because the requirement that an adversary proceeding be the vehicle to determine the existence of undue hardship is a "procedural rule" and "not jurisdictional." *Id.* at 272. Indeed, the creditor "concede[d] that the Bankruptcy Court had jurisdiction to enter the order confirming Espinosa's plan." *Id.* Nor could it deny the bankruptcy court's jurisdiction when it clearly received notice of the plan and filed a notice of claim in response. *Id.* at 275 ("United filed a proof of claim regarding Espinosa's student loan debt, thereby submitting itself to the Bankruptcy Court's jurisdiction with respect to that claim."). Nowhere in *Espinosa* did the Supreme Court hold that valid service of process is irrelevant. To the contrary, it reaffirmed that Rule 60(b)(4) may be used to attack

judgments that are void due to a "fundamental infirmity," one type of which is "jurisdictional error." *Id.* at 270-71; *Perfect Score Co. v. Miller*, 2011 WL 4540742, 2011 U.S. Dist. LEXIS 111878, at *9 (N.D. Ohio Sept. 29, 2011) ("if service of process is not proper, the judgment is void, and the court must set aside Defendant's default judgment" (citing *Espinosa*)).

Vista-Pro also cites *Antoine*, which held that "[w]hether or not the judgments here were voidable because Atlas was not served turns on whether Atlas had actual notice of them." 66 F.3d at 109. In *Atlas*, however, the issue was whether the court "erred in denying its motion to set aside the default judgments because plaintiffs had served Conroy, its former counsel, rather than Atlas itself, *with the application for default and the default judgments*." *Id.* at 108 (emphasis added)). Atlas did not contend that the court lacked personal jurisdiction over it due to improper service of process. Thus, that decision is inapt.

Also in the same vein is Vista-Pro's citation to *SunTrust Bank v. Braden (In re Braden)*, 516 B.R. 672 (Bankr. S.D. Ga. 2014). The issue there was whether the creditor received the debtor's lien-stripping motion; again, therefore, the case had nothing to do with the court's jurisdiction over the creditor. *Id.* at 674. Moreover, the debtor had served his motion via certified mail at four separate locations, including upon two registered agents. *Id.* at 675. And the creditor conceded, as it had to, that it received the motion. *Id.* at 679.

There is no precedent for Vista-Pro's contention that notice is a replacement for due process afforded by valid service.

## **CONCLUSION**

For the foregoing reasons, the Court should reverse the Order of the Bankruptcy Court, vacate the default judgment, and direct Vista-Pro to return to Coney Island the amount of the seized funds.

Dated:  January 12, 2023                    Respectfully Submitted:


/s/ Henry E. ("Ned") Hildebrand, IV
HENRY E. ("NED") HILDEBRAND, IV
DUNHAM HILDEBRAND, PLLC
2416 21st Avenue South, Suite 303
Nashville, TN 37212
629.777.6519
ned@dhnashville.com


Outside Counsel:

Daniel Ginzburg
*Admitted Pro Hac Vice*
The Ginzburg Law Firm, P.C.
200 Village Center Drive, Unit 7045
Freehold, NJ 07728
(732) 284-3841
daniel@ginzburglawfirm.com

*Counsel to Defendant*
*Coney Island Auto Parts Unlimited, Inc.*

# CERTIFICATE OF COMPLIANCE WITH FED. R. BANKR. P. 8015(h)

## Certificate of Compliance with Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1. This brief complies with the typeface requirements of Fed. R. Bankr. P. 8015(a)(5) and the type style requirements of Fed. R. Bankr. P. 8015(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14 size font, Times New Roman.

2. This brief complies with the type-volume limitation of Fed. R. Bankr. P. 8015 (a)(7)(B) because this brief, excluding the permitted exclusions in Fed. R. Bankr. P. 8015(g), contains 3,734 words.

## CERTIFICATE OF SERVICE

I certify that on this 12th day of January, 2023, I served a copy of the foregoing *Reply Brief of Appellant Coney Island Auto Parts Unlimited, Inc.* to all parties consenting to electronic service and to the following party by U.S. first-class mail:

Phillip G. Young, Jr.
THOMPSON BURTON PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
E: phillip@thompsonburton.com
*Counsel for Chapter 7 Trustee of the Bankruptcy Estate of*
*Vista-Pro Automotive, LLC*


/s/ Henry E. ("Ned") Hildebrand, IV
HENRY E. ("NED") HILDEBRAND, IV