UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CONEY ISLAND AUTO PARTS UNLIMITED, INC., | ) ) ) ) |
| Appellant, | ) ) |
| v. | NO. 3:22-cv-00804 ) ) |
| VISTA-PRO AUTOMOTIVE, LLC, | ) ) ) |
| Appellee. | ) |

## MEMORANDUM OPINION AND ORDER

About seven years ago in 2015, the Bankruptcy Court in the Middle District of Tennessee granted default judgment against Coney Island Auto Parts Unlimited, Inc. ("Coney Island"). In 2021, six years later, Coney Island moved to vacate that default judgment in the United States District Court for the Southern District of New York because the default judgment was void for lack of personal jurisdiction over Coney Island. When the Southern District of New York declined to vacate the default judgment, Coney Island returned to the Bankruptcy Court seeking the same relief on the same grounds. The Bankruptcy Court denied the motion from which Coney Island now appeals. This Court has jurisdiction under 28 U.S.C. § 158(a)(1).

The Bankruptcy Court's factual findings are not clearly erroneous and its conclusions of law, upon de novo review, are correct. The Bankruptcy Court's analysis properly begins with Federal Rule of Civil Procedure 60(b)(4) because Coney Island contends the default judgment is "void" for lack of personal jurisdiction. Coney Island has the burden to establish that its motion

1

to vacate the default judgment was filed "within a reasonable time." Fed. R. Civ. P. 60(c)(1). The Bankruptcy Court correctly explained that,

> The Sixth Circuit routinely recognizes and enforces the requirement in Rule 60(c)(1) that motions under Rule 60(b) be made within a reasonable time, even when a movant seeks relief from a void judgment. *See, e.g.,* [United States v Dailide, 316 F.3d 611, 617-18 (6th Cir. 2003)]. (noting prior holdings that delays of three years and five years were unreasonable, and finding that the four-year delay in challenging subject matter jurisdiction in the case before it was unreasonable, especially considering that movant could have filed the Rule 60(b)(4) motion simultaneously with its appeal); Days Inns Worldwide, Inc., v Patel, 445 F.3d 899, 906 (6th Cir. 2006) (affirming lower court's finding that Rule 60(b)(4) challenge based on alleged lack of personal jurisdiction was untimely after eleven months and noting that movant "[did] not attempt to identify any good reason" for the delay); Eglinton v Loyer (In re G.A.D., Inc.), 340 F.3d 331, 334 (6th Cir. 2003) (Stating that Rule 60(b)(4) motions must be made within a "reasonable time," and noting that the challenge to the lower court's subject matter jurisdiction was untimely when the party was aware of the circumstance for the challenge, but did not file her motion within the 10-day time limit for appeal); Blachy v Butcher, 129 F. App'x 173, 179 (6th Cir. 2005) (noting that Rule 60(b)(4) challenges to an issuing court's jurisdiction must be filed "within a reasonable time," and holding that three years between entry of judgment and filing of motion was an "unreasonable delay").

(Doc. No. 1-2 at 5).

After recognizing that other circuits have not applied the reasonable time limitation to Rule 60(b)(4) motions, again the Bankruptcy Court correctly concluded that unlike other Circuit Courts of Appeal, the Sixth Circuit has applied time limitations. Indeed, other courts in the Sixth Circuit have recognized and applied this distinction. This Court cannot improve on the Bankruptcy Court's discussion:

> Judge Michelson in the Eastern District of Michigan was likewise faced with the fact that several commentators and other circuits differ with the Sixth Circuit approach:
>
>> The court recognizes that there is authority to the contrary. For instance, the oft-cited Wright & Miller treatise states, "the

> requirement that the motion be made within a 'reasonable time,' which seems literally to apply to motions under Rule 60(b)(4), cannot be enforced with regard to this class of motion. A void judgment cannot acquire validity because of laches on the part of the judgment debtor." Mary Kay Kane, 11 Fed. Prac. & Proc. Civ. § 2862 (3d ed.). Many of the federal appellate courts have followed this reasoning. [citations omitted.]
>
> But this Court is bound by Sixth Circuit authority. And "[t]he Sixth Circuit has held in various cases that periods of anywhere between three and five years between the judgment and the filing of a 60(b)(4) motion were too long to permit the filing of such a motion for relief from judgment." Williams-El v Bouchard, No. 05-CV-70616, 2016 U.S. Dist. LEXIS 60735, at *4 (E.D. Mich. May 9, 2016) (citing Dailide, 316 F.3d at 617).
>
> Willie McCormick and Assocs., Inc. v Lakeshore Engineering Servs Inc., 2022 WL 4104013 at *4 (E.D. Mich. Sept. 8, 2022).
>
> As Judge Michelson noted, lower courts in this circuit are bound by the approach mandated by the Sixth Circuit Court of Appeals – regardless of what commentators and other circuits may say. The same is true in this case.

(Doc. No. 1-2 at 7). Thus, the Bankruptcy Court correctly came to the conclusion dictated by published Sixth Circuit decisions. The Bankruptcy Court wrote:

> Coney Island has instead taken the unyielding position that timing is totally irrelevant and that there is no amount of time that could lapse that would render a motion to vacate a void judgment untimely. In some circuits, that position would likely prevail, but not in the Sixth Circuit.
>
> Based on Coney Island's long, unexcused delay, which is not outweighed by any showing of a lack of prejudice to the Trustee or other equitable concerns, the Court finds that the motion to set aside the default judgment was not filed within a reasonable amount of time. Even if Coney Island can succeed in showing that the judgment is otherwise void due to improper service, its request to set aside the judgment must be denied based solely on the timeliness problem.

(Id. at 8). So, given the above, the Court turns to what remains in this appeal.

Coney Island argues that the Bankruptcy Court committed an error of law because no Sixth

3

Circuit case has applied the Rule 60(b)(4) reasonable time standard when personal jurisdiction is absent. Days Inn Worldwide v Patel, 445 F.3d 899 (6th Cir. 2006) is not controlling, says Coney Island, because there the Court actually had personal jurisdiction over the defendant and the defendant simply waited too long after personal jurisdiction attached to move to vacate. Similarly Coney Island dismisses United States v Dailide, 316 F. 3d 611 (6th Cir. 2003) because that case had to do with subject matter jurisdiction not personal jurisdiction. This same rationale, it says, applies to Blachy v Butcher, 129 Fed. App'x 173 (6th Cir. 2005) and Eglinton v Loyer (In re G.A.D., Inc.), 340 F. 3d 331 (6th Cir. 2003). Coney Island's dissection of published Sixth Circuit authority misses the point. In each case the Sixth Circuit applied the reasonable time standard to determine the timeliness of a Rule 60(b)(4) motion to vacate an order that the movant argued was void. Whether the movant contends that the order was void for lack of subject matter jurisdiction, personal jurisdiction or any other basis, matters not at all to whether the motion was filed within a reasonable time. The textual framework of Rule 60(b)(4) does not depend upon why the order is void. And there is nothing in Rule 60(b)(4) that alters the reasonable time standard based upon why the order is void. To the contrary, the reasonable time standard "is dependent upon the facts in a case, including length and circumstances of delay in filing, prejudice to opposing party by reason of the delay, and circumstances warranting equitable relief." In re G.A.D., 340 F.3d at 334 (citing Olle v Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir. 1990)).

In this appeal the delay is unreasonable and Coney Island offers nothing to justify the delay. The Bankruptcy Court's findings are correct and its conclusions of law are grounded in Sixth

Circuit binding precedent. Its decision is **AFFIRMED.**

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

5